UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA PHILLIP DEAN (#557040)

VERSUS                                              CIVIL ACTION

BERTHA M. HILLMAN, ET AL                            NUMBER 11-819-FJP-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on January 26, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSHUA PHILLIP DEAN (#557040)

VERSUS                                          CIVIL ACTION

BERTHA M. HILLMAN, ET AL                        NUMBER 11-819-FJP-DLD

## MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against attorney Bertha M. Hillman and an unidentified employee of the Louisiana First Circuit Court of Appeal Clerk's Office. Plaintiff alleged that Hillman committed legal malpractice and the unidentified Clerk's employee interfered with his access to the courts in violation of his constitutional rights.

**Background**

Plaintiff alleged that in 2009, Hillman was appointed to represent him on direct appeal. Plaintiff alleged that Hillman filed an appellate brief in June 2010. Plaintiff alleged that the First Circuit Court of Appeal granted his motion to file a pro se supplemental brief which he submitted on August 10, 2010.

Plaintiff alleged that on December 28, 2010, Hillman sent him a letter advising that his convictions and sentences were affirmed by the appellate court and that she would not seek further review by the Louisiana Supreme Court. Plaintiff alleged that Hillman advised that if he wanted to seek writs of certiorari in the Louisiana Supreme Court he must do so within 30 days of the appellate court decision. Plaintiff alleged that correspondence he later sent to Hillman was returned.

Plaintiff alleged that on October 3, 2011, he filed a Motion for Appointment of Appellate Counsel for Direct Appeal. Plaintiff alleged the Clerk returned his documents unfiled with a notation that the court could only act after he addressed the complaint in the lower court. Plaintiff alleged that he resubmitted the motion which was once again returned with a notation that the court did not have appellate jurisdiction over the referenced appeal.[1]

## Applicable Law and Analysis

**A. Frivolous Standard**

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for § 1915(d) purposes.

---

[1] Plaintiff also alleged that the appellate court failed to rule on motions he filed on August 9, 2010, and December 30, 2010, but the motions were not ruled on by the court. Plaintiff also alleged that the Clerk of Court for the Thirty-second Judicial District court failed to respond to his correspondence. Plaintiff does not allege that either named defendant is responsible for these inactions.

*Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under § 1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### B. Legal Malpractice

Plaintiff's allegations that his counsel committed legal malpractice may not be pursued through § 1983. An attorney, whether retained or appointed in any proceeding, owes his only duty to his client and not to the public or the state. *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445 (1981). Because a private attorney's role is independent from the role of the state, any attorney's conduct, by mere representation of his client, is not chargeable to the state. *Hill v. McClellan*, 490 F.2d 859 (5th Cir. 1974). A private retained attorney does not act under color of state law and cannot be held liable under the Civil Rights Act in the absence of an actionable conspiracy. *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978). Plaintiff has not alleged that the defendant conspired with any state official to deprive him of his rights.

### C. Access to Courts

Plaintiff alleged that the unidentified Louisiana First Circuit Court of Appeal employee interfered with his access to the courts.

A substantive right of access to the courts has long been recognized. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494 (1977). Access to the courts is protected by the First Amendment right to petition for redress of grievances. *Wilson v. Thompson*, 593 F.2d 1375 (5th Cir. 1979). That right has also been found in the Fourteenth Amendment guarantees of procedural and substantive due process. *Ryland v. Shapiro*, 708 F.2d 967, 971-75, (5th Cir. 1983).

In its most obvious and formal manifestation, the right protects one's physical access to the courts. Some showing of detriment caused by the challenged conduct must be made in order to succeed on a claim alleging a deprivation of the right to meaningful access to the courts. *Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987).

Plaintiff has failed to allege any facts that he suffered a detriment caused by the challenged conduct of the unidentified Clerk's employee. Plaintiff conceded that he received notice that his convictions and sentences were affirmed by the appellate court in December 2010. By the time the plaintiff submitted his motions in October 2011, his direct appeal was final. The failure to file the motions for appointment of appellate counsel did not deprive the plaintiff of meaningful access to the courts.

## Conclusion

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on January 26, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**